323 F.2d 36
 Roy H. JOHNSTON and wife, Marguerite A. Johnston, and
William Moss, Appellants,
v.
James C. GOGGIN and Munson G. Shaw Company, Inc., Appellees.
James C. GOGGIN and Munson G. Shaw Company, Inc., Appellants
v.
Roy H. JOHNSTON and wife, Marguerite A. Johnston, and
William Moss, Appellees.
 No. 20044.
 United States Court of Appeals Fifth Circuit.
 July 30, 1963.
 
 Tom S. Milam, Lubbock, Tex., Crenshaw, Dupree & Milam, Lubbock, Tex., for appellants, Roy H. Johnston and wife, Marguerite A. Johnston.
 W. B. Browder, Jr., Midland, Tex., Morris Warrell, Dallas, Tex., for appellant, William Moss; Stubbeman, McRae, Sealy & Laughlin, Midland, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel.
 Ewell Lee Smith, Jr., Robert W. Smith, Dallas, Tex., for appellees; Lyne, Blanchette, Smith & Shelton, Dallas, Tex., of counsel.
 Before HUTCHESON, Circuit Judge, LUMBARD, Chief Judge,* and BROWN, Circuit Judge.
 HUTCHESON, Circuit Judge.
 
 
 1
 This case involves claims to, and growing out of, oil and gas leases on lands which the defendants, Johnston and Moss, had obtained in (1) Ector County, (2) Jones County, (3) Garza County, and (4) Scurry County, Texas, and (5) Lea County, New Mexico.
 
 
 2
 Plaintiffs, Goggin and Munson G. Shaw Co., alleged that the defendant Johnston was acting as plaintiffs' agent and confidant and owed them the duty of complete disclosure and fair dealing, and that the defendants, Moss and Johnston, were general partners, or mining partners, or joint venturers. Plaintiffs alleged a fiduciary relationship between themselves and Johnston and themselves and Johnston and Moss, and that, as a result of their failure to recognize and discharge their fiduciary obligations, the defendants had deprived plaintiffs of moneys and valuable oil interests to which plaintiffs were entitled.
 
 
 3
 The case was tried to the court without a jury, and, after much testimony was taken and argument was had, the district judge made and filed an oral opinion and later filed findings of fact and conclusions of law, and judgment was entered accordingly.
 
 
 4
 The defendants are here appealing from the judgment against them in plaintiffs' favor, and plaintiffs are appealing from the failure of the judgment to grant the other and additional relief they had asked.
 
 
 5
 Because the court's opinion and findings[1] set out the facts and conclusions with sufficient fullness, it will serve no useful purpose for us to set them out here. It will suffice to say: that we approve the findings and conclusions of the district judge, that the defendants occupied a fiduciary relationship and position with reference to plaintiffs, for the violation of which they were, upon equitable considerations, accountable to the plaintiffs; and also that we reject, as wholly without support in the record, the defendants' contentions to the contrary.
 
 
 6
 Upon the plaintiffs' appeal and claim, that the district judge erred in not awarding them the additional relief they asked, we are of the clear opinion that the claim is entirely without merit, and that, upon the considerations and for the reasons stated by the district judge, the judgment should be affirmed, and it is so ordered.
 
 
 7
 Affirmed.
 
 
 
 *
 Chief Judge Second Circuit, sitting by designation
 
 
 [1]
 Goggin v. Moss, D.C., 221 F.Supp. 905